1840.

MERRILL
v.
THE MAYOR
AND COMMON
COUNCIL OF THE
CITY OF BROOK-
LYN.

---

MERRILL and others v. THE MAYOR AND COMMON COUNCIL OF
THE CITY OF BROOKLYN.

---

Chancery will not interfere with a city corporation in the ordinary cases of grading or laying out of streets. Where corporations do so and keep within their charter, the supreme court alone can take cognizance of error and hardship. It is only where they proceed illegally, fraudulently and beyond their corporate powers that equity interferes.

---

MOTION, on bill, for an injunction to restrain the defendants, the mayor and common council of the city of Brooklyn, from collecting assessments imposed for grading streets. The complaint seemed principally to arise because, as it was thought, the assessment should (if at all) have been put upon owners in other streets.

August 28,
1840.

Jurisdic-
tion.
Corpora-
tion.
Street.
Assessment

Mr. *J. H. Magher*, for the complainants.

Mr. *Rockwell*, for the defendants.

THE VICE-CHANCELLOR :—The complaint presented by this bill is not cognizable in this court. Chancery has no authority to review, alter and modify or annul the proceedings of the defendants in opening, regulating and paving streets where they

October 10.

act within the scope of the powers conferred on them by statute. It is only where they attempt to proceed illegally, contrary to law, and where their acts will be attended with irreparable injury or tend to dispossess the owner of his property or to pull down his dwelling house that this court will interfere by injunction. This is not such a case. It is not pretended that the defendants were not authorized by law to regrade and regulate and pave the street in question. The objection is, that the complainants ought not to be assessed for the expense—that it is unjust and oppressive on them to be compelled to pay. But with this objection, the court of chancery has no jurisdiction. It was for the common council of Brooklyn to determine this question and if they decided erroneously or if the proceeding was voidable for irregularity the parties have their redress by certiorari to the supreme court. It is not pretended in this bill that the proceeding was unauthorized or such as the defendants had no right to set on foot and therefore illegal and void. Hence this court has not jurisdiction.

But even if the court could entertain the case, there is enough shown in the opposing affidavits to prevent the granting of an injunction. The charge, that one of the assessors was interested, is positively denied.

Motion for an injunction denied, with costs.